012313

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN C. CHRISTENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12cv2005 EJM |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. The briefing schedule concluded September 19, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

Claiming an onset date of February 5, 2008, plaintiff alleges disability due to multiple impairments including bipolar disorder, anxiety, and depression. He asserts the Administrative Law Judge (ALJ) erred in failing to afford appropriate weight to the views of treating psychiatrist Dr. Garrelts, failed to properly evaluate his subjective allegations, and relied upon flawed vocational expert testimony. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision.

> Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include bipolar disorder, anxiety, depression, antisocial personality disorder, a history of attention deficit hyperactivity disorder, and a history of substance abuse in partial remission, but further found plaintiff retained the residual functional capacity to engage in substantial gainful activity.

Upon review, it is the court's view that the ALJ erred in failing to give appropriate weight to the well-supported views of treating psychiatrist Dr. Garrelts, who treated plaintiff before, during, and following the applicable window of claimed onset through expiration of insured status.  T. 304, 305-308, 338-339, 340-347, 407, 413-414, 416-423.  Accordingly, the ALJ's decision is not supported by substantial evidence on the record as a whole.  When the views of Dr. Garrelts are accorded appropriate weight, the court finds that vocational expert testimony (T. 79) establishes that plaintiff does not have ability to perform substantial gainful activity "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world."  McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982) (en banc).  Accordingly, this matter shall be reversed and remanded for payment of those benefits to which plaintiff is entitled.

2

.

It is therefore

ORDERED

Reversed and remanded for payment of benefits in accordance herewith.

January 24, 2013.

                                                                     */s/ Edward J. McManus*
                                                               Edward J. McManus, Judge
                                                             UNITED STATES DISTRICT COURT

,